*Filed in Court*
*4/16*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**
JAN 1 2007
BY JEFFREY A. APPERL
DEPUTY CLERK

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                          CRIMINAL ACTION NO.   3:06CR-31-S

MICHAEL DAVIS                                                         DEFENDANT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(a)(2) and (c)(1)(C), the United States of America, by David L. Huber, United States Attorney for the Western District of Kentucky, and defendant, Michael Davis, and his attorney, Scott T. Wendelsdorf, have agreed upon the following:

1.       Defendant acknowledges that he has been charged in the Indictment in this case with violations of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(a)(5)(B), 2252A(b)(1), and 2252A(b)(2).

2.       Defendant has read the charges against him contained in the Indictment [Information], and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3.       Defendant will enter a voluntary plea of guilty to Counts 1 and 2 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

> On November 30, 2005, a Postal Inspector in the Cleveland, Ohio, Field Office, in an undercover capacity, posted a group in Yahoo! Groups. The description of the group was listed as "movies for the lovers of young little boys losing their innocence," and contained information about obtaining materials involving that subject.

On December 7, 2005, the Postal Inspector received a message from Yahoo! Groups Notification that his approval was needed for a requested membership for a person using Email address: micedeez micedeez@yahoo.com.  On December 8, 2005, the Postal Inspector received a message from Yahoo!Groups Notification stating that micedeez@yahoo.com had joined the group.  The Postal Inspector received a message from micedeez@yahoo.com stating, "would love to see them [movies]! thanks, mique"

The Postal Inspector responded to the e:mail on December 9, 2005, and included more information about the movies.  The next day, on December 10, 2005, micedeez@yahoo.com sent a message to the Postal Inspector asking, "how much to buy them?  I don't have anything like this in my collection and am just "juicin-up" thinking bout it!"

On December 12, 2005, the Postal Inspector replied.  He stated the price for each DVD and gave written descriptions of the materials.  Micedeez@yahoo.com replied, "I would like #4& 5.  I dig mostly boi on boi. Let me know where I can order thes.  Mique"  The descriptions for DVDs 4 and 5 were as follows:

#4:  out door scene of 2 hot naked boys, ages 11 and 13 years old, masturbate and jerk each other off.  Then they suck each other's dick.  The 13 year old cums on the younger boy.

#5:  Beautiful uncut 14 year old boy masturbates then gets sucked off by a 12 year old boy.  Then the older boy sucks the younger one while they are both tied up.  They are both forced to suck a nice cock as the asses get spanked and poked.  Ends with a nice cum shot on both

On December 13, 2005, the Postal Inspector sent a message to micedeez@yahoo.com in which the Inspector gave a mailing address for Davis to use to order the DVDs.  The e:mail reiterated that the children in the DVDs were real - not actors.

A response from micedeez@yahoo.com indicated that he would send a money order.  The e:mail reiterated the DVDs being ordered.  The Postal Inspector replied that he would make the copies.  Micedeez@yahoo.com sent a message back stating that he had sent a money order for the DVDs.  On December 17, 2005, an envelope addressed to the Postal Inspector arrived at the previously-provided address.  The return address showed M. Davis, 516 Belgravia Ct., 2nd Floor – rear, Lou, KY 40208.  The envelope contained a money order in the amount of $20.00 purchased from CVS Pharmacy.  The envelope was postmarked Dec. 14, 2005, Louisville, Kentucky.

2

The Postal Inspector and micedeez@yahoo.com continued on-line communications. On January 5, 2006, the Postal Inspector received an email from micedeez@yahoo.com saying, "I'm going to stop payment on the money order I sent you before the holidays and reissue a new one. It should get there by next Tuesday, IF the first one does arrive(god bless the USPS), send it back to me please it wont cash! Thanks for your patients. Miq" Micedeez@yahoo.com sent another email to the Postal Inspector saying, "Money order sent. Rember only the two"boiz only" DVD" On January 6, 2006, the Postal Inspector replied and indicated that he had been on vacation.

Micedeez@yahoo.com sent an email to the Postal Inspector on January 11, 2007, and again on January 11, 2006. The second communication referenced the second money order. The Postal Inspector received another envelope at the previously provided address. The envelope bore a return address of 516 Belgravia Ct, 2nd Floor – rear, Lou, KY 40208. The envelope contained a money order purchased at CVS Pharmacy in the amount of $20.00 on January 5, 2006. The payee information was not completed on the money order. On January 13, 2006, micedeez@yahoo.com sent an email in large bold print, to the Postal Inspector saying, "It has been 8 days! Anything?" On January 17, 2006, micedeez@yahoo.com sent another email saying, "It's been 12 days since I sent my secon money order to you! Did you receive it? Mique"

On January 25, 2006, United States Magistrate Judge Dave Whalin authorized a federal Search Warrant for Davis' residence in Louisville, Kentucky. The Search Warrant authorized law enforcement officials to search the premises for evidence relating to violations of federal child pornography laws.

On January 30, 2006, Davis sent an e:mail to the undercover agent again asking about the DVDs. During the communication, Davis stated that he was at the Library and would go home to pick up the mail in a few hours. Law enforcement officials were conducting surveillance of his residence while this communication occurred. Law enforcement officials made a controlled delivery of an Express Mail Package containing two DVD/CDs with the titles "Video #4" and "Video #5." A United States Postal Inspector posing as a U.S. Postal Service Letter Carrier made the controlled delivery to 516 Belgravia Ct., 2nd Floor, Louisville, KY 40208. Law enforcement officials kept the package under surveillance until its receipt at the residence. A Postal Inspector delivered the above-referenced package to the residence. The Inspector knocked on the door and Michael Davis answered the door. The Inspector presented the package to Davis and he signed for it. Davis then took the package into the residence. The Inspector walked away from the door. Approximately one minute later, federal, state, and local law enforcement officials executed the federal search warrant. Law enforcement officials knocked on the door. Davis answered the door, at which time the officials identified themselves to Davis

3

and informed him about the existence of the warrant. One law enforcement official remained with Davis while the other officials conducted a protective sweep of the apartment.

After being advised of his constitutional rights, Davis signed a written acknowledgment and waiver of those rights. Davis admitted that he had ordered DVDs containing child pornography of boys aged 11-14 and that he had paid for the DVDs with a money order purchased from CVS in the amount of $20. He further admitted that he had mailed the money order to a specific address outside Kentucky. Davis then asked for counsel and the interview ceased.

Law enforcement officials retrieved the package containing the child pornography DVDs. The DVDs were in their original packaging lying on a chair in kitchen area of the apartment, near the door where they had been delivered. Law enforcement officials also retrieved four photo albums filled with images of child pornography, specifically minor male children. The photo albums also included pornographic images of males over the age of 18. The law enforcement officials did not locate a computer at the residence because Davis had used computers at the Louisville Free Public Library to engage in the on-line communications with the undercover Postal Inspector as well as to acquire images of child pornography which he would print out and take home.

Counsel for the United States and defense counsel have reviewed the materials together. The two DVDs result in an image count of 150 (75 images per DVD). Additionally, counsel reviewed the still images contained in the photo albums involving children. The parties agree and stipulate that Davis acquired and possessed more than 150 but less than 300 images of child pornography.

4.      Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 5 years, a combined maximum term of imprisonment of 30 years, a combined maximum fine of $500,000.00, and supervised release for any number of years up to and including life. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the

sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8.    Defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required. All financial matters are left to be addressed at sentencing.

9.    Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $200.00 to the United States District Court Clerk's Office **by** the date of sentencing.

10.    At the time of sentencing, the United States will

-agree that a sentence of 78 months' imprisonment is the appropriate disposition of this case followed by a term of Supervised Release which may include any number of years up to and including life.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-stipulate that the number of images for which defendant shall be held accountable is more than 150 but fewer that 300.

11.    Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A.    The Applicable Offense Level should be determined as follows:

| | | |
|---|---|---|
| Base offense level | 22 | § 2G2.2(a)(2) |
| | - 2 | § 2G2.2(b)(1) - no evidence of distribution |

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

| | | |
|---|---|---|
| | +2 | § 2G2.2(b)(2) -prepubescent minors |
| | +4 | § 2G2.2(b)(4) - sadistic/masochistic |
| | +2 | § 2G2.2(b)(6) -use of computer |
| | +3 | § 2G2.2(b)(7)(D) -# of images |
| | - 3 | § 3E1.1(a) & (b) |
| Total offense level | 28 | |

B.    The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

12.    Defendant agrees to have his sentence determined pursuant to the Sentencing Guidelines.

13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal his resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise, including any challenge based upon ineffective assistance of counsel. Defendant, however, preserves the right to seek an appeal challenging the District Court's rulings denying his motion to dismiss and motion to suppress evidence. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

14.    Defendant agrees to make a full and complete disclosure of his assets and financial condition and will submit to an investigation by the Financial Litigation Unit of the United States Attorney's Office for the purpose of insuring prompt satisfaction of all fines, restitution, and special assessments resulting from his guilty plea.

15.    Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510, should defendant commit any of those offenses during the cooperation phase of this Agreement. Should defendant be charged with any offense alleged to have occurred after the date of this Agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against defendant in any such prosecution.

16.    Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17.    The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.    Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19.    If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

20.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence, including downward departure. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

21.    Pursuant to Fed. R. Crim. P. 11(a)(2), the defendant's plea of guilty entered under this agreement is conditional, reserving the right on appeal of the judgment entered upon defendant's plea to a review by the Court of Appeals of the adverse determination of the defendant's pretrial Motion to Suppress Evidence and Motion to Dismiss - both premised upon arguments of outrageous government. conduct. Should the Court of Appeals determine that either the Motion to Suppress or Motion to Dismiss should have been sustained, then, and only in that event, will the defendant be allowed to withdraw the plea entered under this agreement.

22.    This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral,

and cannot be modified other than in writing that is signed by all parties or on the record in Court.

No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID L. HUBER
United States Attorney

By:

_____          _____1/16/07_____
Jo E. Lawless                                                    Date
Assistant United States Attorney


    I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          _____1/16/07_____
Michael Davis                                                  Date
Defendant


    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          _____1/16/07_____
Scott T. Wendelsdorf                                      Date
Counsel for Defendant

DLH:JEL:070111