Local PROB 12Z
(Rev. 5/2005)



# United States District Court

for

## WESTERN DISTRICT OF KENTUCKY

UNITED STATES OF AMERICA

vs.                                          Docket No. 3:06CR00031-01  -S

**MICHAEL P. DAVIS**

### Petition for Modification on Probation and Supervised Release

Comes now Michael T. Clements, Probation Officer of the Court, presenting an official report upon the conduct of Michael P. Davis, who was placed on supervision by the Honorable Charles R. Simpson III, Judge, United States District Court, sitting in the Court at the Western District of Kentucky, Louisville Division, on 5/7/2007, who fixed the period of supervision at 84 months supervised release, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

14) Sex Offender Treatment
15) Sex Offender Registration
16) No Unsupervised Contact With Minors
17) No Access To Computers Except For Employment Purposes And No Internet Access

Mr. Davis began his 84 month term of supervision on September 30, 2011.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

At the time of Mr. Davis' sentencing, there were a limited number of conditions available to the U.S. Probation Office in the Western District of Kentucky to assist the probation officer in the supervision of offender's such as Mr. Davis, who were convicted of sexual related offenses. However, the U.S. Probation Office now has conditions available to help address and supervise Mr. Davis. On March 1, 2012, the probation officer met with Mr. Davis concerning adding additional conditions (as listed below) that would better assist the probation officer in his supervision. Mr. Davis agreed and executed the Probation Form 49 Waiver of Hearing to Modify Conditions of Probation/Supervised Release.

PRAYING THAT THE COURT WILL ORDER as a special conditions of supervised release that the defendant shall:

(18)    The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers (as defined in 18 USC 1030(e)(1), other electronic communications or data storage devices or media], or office (NOTE: Office is defined as defendant having dominion or control), to a search conducted by the United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant is in violation of the court's no computer condition, or is in possession of child pornography, as defined in 18 U.S.C. 2256(8). Any search must be conducted at a reasonable time and in a reasonable manner.

(19)    The defendant shall not use or possess any removable storage devices to include hard drives, CD/DVD ROM Drives, USB thumb drives.

(20)    The defendant shall not rent or use a post office box or storage facility without authorization from the USPO.

(21) The defendant is prohibited from accessing the Internet via cellular phone, and is prohibited from possessing any cellular phone that has WI-FI connection capabilities. In addition, the defendant is prohibited from utilizing features that allow the exchange of instant messages, data, photographs, and e-mails. The defendant shall only possess one cellular phone, unless otherwise approved by the supervision USPO. Additionally, the defendant is prohibited from making changes in cellular phone or service, without preapproval of the supervision USPO.

(22) The defendant shall cease any use or activity on any computer immediately and ensure removal of all computers from the defendant's residence. This shall be verified by the USPO. The USPO's verification should be completed no later than 72 hours from the defendant's release

(23) The defendant shall provide the USPO with all requested financial documents to monitor the defendant's compliance with the computer and Internet prohibition.

(24) The defendant shall be subject to Polygraph, Computer Voice Stress Analysis, or other similar device to obtain information necessary for supervision, case monitoring, and treatment at the discretion and direction of the U.S. Probation Officer. The defendant shall be subjected to maintenance exams thereafter. No violation proceedings will arise solely on a defendant's failure to pass an examination. No violation proceeding will arise on a defendant's refusal on valid Fifth Amendment grounds to answer questions. The defendant shall contribute to the cost of services rendered based upon his/her ability to pay as reflected in his/her monthly cash flow as it relates to the court-approved sliding fee scale.

(25) The defendant shall not view, purchase, possess or distribute any form of pornography depicting sexually explicit conduct defined in 18 USC 2256(2), or frequent any place where such material is the primary product for sale or entertainment is available.

ORDER OF COURT

It is ordered that a modification be issued and made a part of the records in the above case.

_____
Charles R. Simpson III
Judge, United States District Court

DATE: _____3 - 12 - 2012_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed by _____

Michael T. Clements
U.S. Probation Officer

Place _Louisville, Kentucky_____

Date__March 5, 2012_____

cc: U.S. Magistrate, U.S. Attorney, U.S. Probation Officer